**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 30, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-40538
Conference Calendar

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

SAMIR LOPEZ-CRUZ

                    Defendant - Appellant

                ---------------------
        Appeal from the United States District Court
            for the Southern District of Texas
                USDC No. 1:03-CR-896-ALL
                ---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     On December 17, 2004, in an unpublished opinion, this court

affirmed the sentence of Samir Lopez-Cruz.  United States v.

Lopez-Cruz, 115 Fed. Appx. 742 (5th Cir. 2004).  The Supreme

Court has vacated and remanded for further consideration in light

of United States v. Booker, 125 S. Ct. 738 (2005).  We requested

and received supplemental letter briefs addressing the impact of

Booker.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lopez contends that the district court illegally sentenced him pursuant to a mandatory Sentencing Guidelines regime, in violation of Booker.  He concedes that such argument is raised for the first time and is reviewable for plain error only.  See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  Sentencing a defendant pursuant to a mandatory guideline scheme, standing alone, constitutes "Fanfan" error, and such an error is "plain."  See Booker, 125 S. Ct. at 750, 768-69 (addressing preserved challenge in companion case); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), petition for cert. filed (Jul. 25, 2005) (No. 05-5556).

To satisfy the third prong of the plain-error test, Lopez must show that his "substantial rights" were affected.  See Valenzuela-Quevedo, 407 F.3d at 732.  "The pertinent question is whether [the appellant] demonstrated that the sentencing judge --sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Mares, 402 F.3d at 521.  This question requires us to assess whether "there is [an] indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether [ ]he would have reached a different conclusion" if sentencing under an advisory scheme.  Id. at 522.  There is no indication in the record of Lopez's sentencing that the district court would have sentenced him differently under an advisory

regime.  See <u>United States v. Bringier</u>, 405 F.3d 310, 317-18 n.4 (5th Cir. 2005), <u>petition for cert. filed</u> (Jul. 26, 2005) (No. 05-5535) (imposition of sentence at bottom of guideline range, standing alone, is no indication that judge would have reached different conclusion under an advisory regime).

To the extent that Lopez argues that the <u>Booker</u> error is a "structural" one that is not susceptible to a plain-error analysis, or that he alternatively contends that plain-error prejudice should be presumed, this court has rejected such arguments.  <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir. 2005).

Accordingly, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case.  We therefore reinstate our judgment affirming the defendant's conviction and sentence.